### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA AGNEW )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ACHIEVEMENT SERVICES FOR )<br>NORTHEAST KANSAS, INC. )<br>)<br>Defendant. ) | 13-cv-2024 EFM/KMH |

### COMPLAINT

COMES NOW, Plaintiff Martha Agnew and, by and through undersigned counsel, files the following Complaint against Defendant Achievement Services of Northeast Kansas, Inc.:

### I.
### PARTIES

1. Plaintiff is a former employee of Defendant Achievement Services of Northeast Kansas, Inc. and is a resident of Atchison County, Kansas.

2. Defendant Achievement Services of Northeast Kansas, Inc. ("Achievement") conducts its business in Atchison County, Kansas.

### II.
### JURISDICTION AND VENUE

3. The jurisdiction of the Federal Court is invoked because the Plaintiff's claims arise under the statutes and laws of the United States, namely the Americans with Disabilities Act ("ADA").

4. Venue is proper in that Defendants are located within this District and the acts complained of took place within this District.

## III.
## FACTS

5. Plaintiff hereby incorporates the foregoing paragraphs 1 through 4.

6. Plaintiff began her employment with Achievement on November 5, 1989 and most currently was employed as a Residential Supervisor.

7. At all relevant times, Plaintiff was meeting all the legitimate expectations of her job.

8. In May 2011, Plaintiff was diagnosed with Interstitial Cystitis, a painful condition due to inflammation of the tissues of the bladder wall often mistaken for bladder infections.

9. In August 2011, Plaintiff informed her supervisor she had Interstitial Cystitis, and explained the symptoms of the condition.

10. During a staff meeting on or about October 28, 2011, Plaintiff received a work schedule showing shifts which had Plaintiff working Wednesday through Sunday at three different facilities and having Monday and Tuesday off.

11. This work schedule also indicated Plaintiff would be working four day shifts and one night shift which concluded at midnight on Saturday.

12. Plaintiff, considering her medical condition of Interstitial Cystitis, indicated to her supervisor that the schedule as presented was workable for her at that time.

13. Upon reporting for her work shift on or about October 30, 2011, Plaintiff was provided a restructured work schedule which indicated all her shifts would now be at one facility and she would have Tuesday and Thursday off.

14. This restructured work schedule also indicated Plaintiff would be working one day shift and four night shifts which concluded at midnight.

15. The facility Plaintiff was now restricted to due to the restructured schedule was the most physically demanding of the facilities on Plaintiff's original schedule provided on October 28, 2011.

16. Due to her condition of Interstitial Cystitis and the new employment conditions, Plaintiff visited her doctor on November 2, 2011 to discuss the situation and seek the doctor's guidance regarding the circumstances.

17. Plaintiff's doctor created a document setting forth restrictions upon her employment which stated that, due to her Interstitial Cystitis, Plaintiff could not lift over 25 pounds, could not frequently be pushing or pulling, and would need frequent restroom breaks, all for a period up to December 7, 2011.

18. On the same day as her doctor visit, November 2, 2011, and due to her supervisor and other staff not being available, Plaintiff submitted the request for accommodation and restrictions to Jerry Henry, Executive Director of Achievement.

19. On or about November 8, 2011, Plaintiff (accompanied by her husband) met with Lois Reid (Associate Director of Achievement) and Jerry Henry to discuss her employment situation.

20. At this meeting, Plaintiff was informed in writing by Ms. Reid that, among other things, Achievement had a telephone conversation with her doctor to clarify what "in medical language 'frequently' meant", and also cited several job tasks Plaintiff would not be expected to fulfill due to her limitations.

21. This document from Ms. Reid also indicated Plaintiff was expected to fulfill all remaining duties at her current location until "the visit with your Urologist on 12-01-2011 (as per Dr. Eplee's note)".

22. During this meeting, Plaintiff indicated to Ms. Reid and Mr. Henry she felt she could do all the work except what was indicated in the doctor's note and further indicated there were other work locations available where she would be able to work without having to perform the restricted actions.

23. During this meeting, and without explanation, Jerry Henry stated "I want to be careful not to set a precedent".

24. On November 30, 2011, Plaintiff visited her urologist, Gerald Y. Park, for an appointment that had been scheduled in October.

25. During this appointment, Dr. Park set forth restrictions consistent with those of Dr. Eplee in that Plaintiff's lifting, pushing, and pulling were limited, and she would have a need for frequent restroom breaks.

26. Later in the day of November 30, 2011, Plaintiff submitted Dr. Parks' note to Ms. Reid and also informed her of an upcoming outpatient surgical procedure to expand her bladder.

27. On December 5, 2011, Plaintiff learned of the scheduled date and time of the outpatient procedure and informed Ms. Reid by telephone that the procedure would be conducted on December 15, 2011 and her intent was to take vacation time to cover her time off.

28. During this conversation, Ms. Reid commented that Plaintiff was not released from the doctor and she (Reid) needed someone who could do the entire job.

29. Later in the conversation, Ms. Reid requested that Plaintiff come in for a meeting, which occurred at approximately 1:00 p.m., the attendees being Ms. Reid, Plaintiff, and Achievement employee Dave Hager.

30. At this meeting, Plaintiff was informed by Ms. Reid that her employment with Achievement Services was terminated because they wanted someone that was not restricted, which Plaintiff took to mean someone without a disability.

## IV.
## PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff hereby incorporates the foregoing paragraphs 1 through 30 by reference.

32. Plaintiff was an individual suffering from a disability and/or a perceived disability in the form of Interstitial Cystitis.

33. Plaintiff required accommodation in the way of limitations of certain job tasks, availability of restroom breaks, and the opportunity to receive medical treatment in connection with her disability.

34. Defendant terminated Plaintiff because of her disability, and to avoid having to provide accommodation for her disability.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

36. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate time period and filed this Complaint within 90 days after the date of receipt of a right to sue letter.

37. As such, this action is timely and she has exhausted all administrative prerequisites to filing this action.

38. Defendant Achievement's conduct was outrageous due to its evil motive, malice and/or reckless indifference for Plaintiff's rights thereby entitling her to punitive damages.

## VI.
## PLAINTIFF'S SECOND CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff incorporates the foregoing paragraphs 1 through 38.

40. Plaintiff exercised rights protected by the ADA when she notified Defendant of her disability and requested accommodations for the same (all as set forth above).

41. Defendant discharged Plaintiff in retaliation for her exercise, and attempted exercise, of rights protected by the ADA violates the ADA.

42. In retaliating against Plaintiff, Defendant acted with malice and in reckless disregard of Plaintiff's rights.

43. Plaintiff is entitled to compensatory damages, including lost wages and benefits, emotional distress damages, punitive damages, and prejudgment and post judgment interest, for Plaintiff's discharge in violation of the ADA.

## V.
## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all claims asserted herein.

## VI.
## PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**REAVEY LAW LLC**

By:   /s/  Patrick G. Reavey            .
Patrick G. Reavey     KS # 17291
Kevin Koc  KS #24953
Kansas Livestock Exchange Bldg.
1600 Genessee, Suite 303
Kansas City, MO  64102
(816) 474-6300
Fax:  (816) 474-6302

ATTORNEYS FOR PLAINTIFF