IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTHA AGNEW,

    *Plaintiff,*

vs.

ACHIEVEMENT SERVICES OF
NORTHEAST KANSAS, INC.,

    *Defendant.*

Case No. 13-CV-2024-EFM

**MEMORANDUM AND ORDER**

In this case, Plaintiff Martha Agnew asserts claims against Defendant Achievement Services of Northeast Kansas, Inc., alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").[1] Defendant moves to dismiss Plaintiff's retaliation claim for lack of subject matter jurisdiction because Plaintiff allegedly failed to exhaust her administrative remedies (Doc. 4). For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

---

[1] 42 U.S.C. § 12101, *et seq*.

## I. Factual and Procedural Background

Plaintiff worked for Defendant as a Residential Supervisor from 1989 until her termination on December 5, 2011. In May 2011, while she was employed by Defendant, Plaintiff was diagnosed with Interstitial Cystitis, an inflammation of the tissues of the bladder. In August 2011, Plaintiff informed Defendant of her diagnosis and she filed a request for accommodation in November 2011. Defendant terminated Plaintiff on December 5, 2011, and Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 27, 2011. In her Charge of Discrimination, when prompted to check the boxes describing the alleged discrimination, Plaintiff checked "Disability" but did not check "Retaliation." Plaintiff then filed a two-count complaint, asserting (1) that she was discriminated against on the basis of her disability, and (2) that Defendant retaliated against her in response to her request for accommodation. Defendant responded by filing the present Motion to Dismiss, arguing that Plaintiff failed to exhaust administrative remedies with respect to her retaliation claim, thereby depriving the Court of subject matter jurisdiction.

## II. Legal Standard

Federal courts are courts of limited jurisdiction.[2] Under the ADA, a plaintiff must exhaust administrative remedies before filing suit.[3] "In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit."[4] Thus, a district court must dismiss unexhausted claims for lack of subject matter jurisdiction.[5] As it relates to motions to

---

[2] *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

[3] *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 527 (10th Cir. 2006).

[4] *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).

[5] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005).

dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[6] "Well-pleaded" allegations are those that are facially plausible, such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] However, the court need not accept mere conclusory statements as true.[8]

### III. Analysis

Determining whether a Plaintiff exhausted their administrative remedies requires a two-step analysis. The first step simply involves determining whether the plaintiff filed an EEOC charge,[9] and it is uncontroverted in this case that Plaintiff filed an EEOC charge on December 27, 2011. The second step, however, involves "determining the scope of the allegations raised in the EEOC charge."[10] Generally, any claim asserted in federal court is "limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."[11] Failure to check a box is not dispositive, but it does create a "presumption that [the plaintiff] was not asserting claims represented by boxes not

---

[6] *Ramirez v. Dept. of Corr., Colo.*, 222 F.2d 1238, 1240 (10th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.") (Citations omitted).

[9] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996)).

[10] *Id.* at 1186.

[11] *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

checked."[12] A plaintiff's EEOC charge is entitled to a liberal construction as it pertains to whether administrative remedies have been exhausted.[13]

The issue before the Court is whether Plaintiff's EEOC charge was sufficiently broad in scope to exhaust the administrative remedies related to her retaliation claim. Defendant argues that Plaintiff failed to exhaust her administrative remedies because she did not check the box for "Retaliation" and because the narrative portion of her EEOC charge does not use the word "retaliation," or any variation thereof. Defendant further argues that Plaintiff's EEOC charge cannot be construed to allege facts sufficient to trigger an investigation of a retaliation claim. In response, Plaintiff argues that the narrative portion of her EEOC charge contained sufficient facts to establish a *prima facie* case for retaliation, thereby rebutting any presumption that she failed to exhaust her administrative remedies.

Indeed, Plaintiff did not check the box for "Retaliation" on her EEOC charge, giving rise to a presumption that she did not preserve a retaliation claim. However, Plaintiff may rebut that presumption by establishing that the narrative portion of her EEOC charge alleged facts sufficient to establish a *prima facie* case of retaliation.[14] To establish a *prima facie* case for retaliation, Plaintiff must allege (1) that she engaged in protected opposition to discrimination, (2) that she suffered an adverse employment action, and (3) that a causal connection existed

---

[12] *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998).

[13] *Jones*, 502 F.3d at 1186 ("We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim.").

[14] *Gunnell*, 152 F.3d at 1260 (holding that even "sparse details" were enough to rebut a presumption that plaintiff had not exhausted administrative remedies because the EEOC contained the basic components of the claim and an "approximate time period."); *see also Ingels v. Thoikol Corp.*, 42 F.3d 616 (10th Cir. 1994) (stating that, in the context of EEOC discrimination claims, if a plaintiff makes a *prima facie* case, the burden shifts to the defendant).

between her protected activity and the adverse action.[15] The narrative portion of Plaintiff's EEOC charge provided:

> I was employed by Respondent as a Residential Supervisor from approximately 1989 to Dec. 5, 2011, when I was terminated. I had informed Respondent of my condition and in November 2011 requested a reasonable accommodation based on my medical restrictions. While I was able to follow my restrictions for a time, I was then terminated soon after. I believe I was denied a reasonable accommodation and terminated based on disability, in violation of the Americans with Disabilities Act (ADA), as amended.[16]

Plaintiff's EEOC charge alleges that she requested a reasonable accommodation for her disability in November 2011, which constitutes protected activity as a matter of law.[17] Additionally, Plaintiff's EEOC charge alleges that she was terminated on December 5, 2011, an event that clearly constitutes an adverse employment action.[18] Finally, Plaintiff's EEOC charge alleges that her termination was "based on" her disability and came "soon after" her request for reasonable accommodation. Additionally, a causal connection between the protected activity and the adverse action can be reasonably inferred by temporal proximity of approximately one month.[19] Because Plaintiff's narrative statement included causal language and because her

---

[15] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

[16] Charge of Discrimination, Def. Ex. 1, Doc. 5-1, at 1.

[17] *Jones*, 502 F.3d at 1194 ("We have treated requests for reasonable accommodation as protected activity under the ADA."); *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1265 (10th Cir. 2001); *Butler v. City of Prairie Vill.*, 172 F.3d 736, 752 (10th Cir. 1999).

[18] *Anderson v. Coors Brewing Co.*, 181, F.3d 1171, 1178 (10th Cir. 1999) ("We conclude that Plaintiff suffered adverse employment action when Defendant terminated her."); *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998) ("Actions such as…terminations are by their very nature adverse….").

[19] *See Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013) (holding that although a clear line of demarcation has never been established, "[i]t appears clear that, if the adverse action occurs in a brief period up to one and a half months after the protected activity, temporal proximity alone will be sufficient to establish the requisite causal inference….").

termination came less than one month after her request for accommodation, the Court finds Plaintiff's EEOC charge sufficient to allege a causal connection.

Liberally construed, the narrative portion of Plaintiff's EEOC is sufficient to set forth a *prima facie* case of retaliation, thereby rebutting the presumption against exhaustion that arose when she failed to check the box for retaliation. The Court finds Plaintiff's EEOC charge sufficiently broad to exhaust administrative remedies with respect to her retaliation claim. Accordingly, the Court denies Defendant's motion to dismiss.

**IT IS ACCORDINGLY ORDERED** this 29th day of July, 2013, that Defendant Achievement Services of Northeast Kansas, Inc.'s Motion to Dismiss (Doc. 4) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE