# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARTHA AGNEW, )
)
      Plaintiff, )
)
v. )
) Case No. 13-2024-EFM
ACHIEVEMENT SERVICES FOR )
NORTHEAST KANSAS, INC., )
)
      Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to file an amended complaint (Doc. 25). For the reasons set forth below, plaintiff's motion shall be GRANTED.

### Background

This is an action against plaintiff's former employer for violation of the Americans with Disabilities Act ("ADA").[1] Highly summarized, after nearly 22 years of employment with defendant, plaintiff was diagnosed with interstitial cystitis in May 2011. In November 2011, plaintiff alleges that she requested accommodations to her work location and schedule due to her condition. In December 2011, defendant terminated her. In her two-count complaint, plaintiff alleges that defendant first discriminated against her based on her disability and retaliated against her for engaging in

---

[1] 42 U.S.C. § 12101 et seq.

protected activity under the ADA. Plaintiff seeks to amend her complaint to include a count for violation of the Family and Medical Leave Act ("FMLA").[2]

**Standard**

The standard for permitting a party to amend his or her complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court.[3] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.[4] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[5] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[6]

When the proposed amendment is offered after the deadline in the scheduling order for amending pleadings has passed, as is the case here, Fed. R. Civ. P. 16(b)(4) is implicated. It provides that a "schedule may be modified only for good cause and with the judge's consent." "Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a

---

[2] 42 U.S.C. § 2601 et seq.
[3] Fed. R. Civ. P. 15(a). A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.
[4] *J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[5] *Hinkle v. Mid-Continent Cas. Co.*, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

complaint filed past the scheduling order deadline."[7] In these cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[8] Only after a finding that "good cause" has been shown will the court proceed to the second step and evaluate whether the more liberal Rule 15(a) standard for amendment has been satisfied. "Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if [she] had acted with due diligence."[9] A lack of prejudice to the non-moving party does not demonstrate "good cause."[10] With these standards in mind, the court evaluates plaintiff's motion.

## Discussion

### A. Good Cause under Rule 16(b)(4)

The scheduling order established an October 3, 2013 deadline for any motion to join additional parties or to otherwise amend the pleadings.[11] Accordingly, the motion to amend is untimely unless plaintiff shows "good cause" for modifying the scheduling order deadline.

Plaintiff asserts that only during discovery did she learn that defendant employs the requisite 50 people to make the FMLA applicable to the facts of this case. Defendant argues that plaintiff could have stated an FMLA claim regardless of whether she was sure

---

[7] *Carefusion 213 v. Professional Disposables*, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010)(citations omitted).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Scheduling Order, Doc. 13.

3

about the precise number of defendant's employees. Defendant further argues that plaintiff's failure to timely amend is due to her own lack of diligence, and cites the case of *J. Vangel Electric*[12] as support.

However, *Vangel* is distinguishable because the plaintiff failed to inquire about or inspect the wiring adequacy until long after the scheduling order deadline.[13] Here, the court finds that plaintiff's counsel engaged in reasonable inquiry as to the number of defendant's employees. Based on the facts available to plaintiff, she believed that the FMLA was inapplicable. This belief was not held by plaintiff alone; in fact, defendant itself believed it employed only 31 persons.[14] However, in November 2013, plaintiff's counsel learned that some "residents/clients/consumers of defendant's care facility" actually receive paychecks from the defendant, which would increase the number of its employees to more than 50 persons. Plaintiff did not delay in filing its motion to amend on December 3, 2013.

An additional point of distinction from *Vangel* is that the request to amend was filed after the pretrial order was entered and discovery was complete. Here, discovery is not yet complete and the pretrial conference has not been held. In light of the reasonable inquiry of plaintiff and the procedural posture of this case, the court finds that plaintiff has established "good cause" under Fed. R. Civ. P. 16(b)(4).

---

[12] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (denying defendant's motion to amend its counterclaim in part for failure to show good cause).
[13] *Id*. at *2.
[14] Pl.'s Reply, Doc. 29 at Ex. A (Dec. 16, 2013 email from Kyle Belew).

**B. Rule 15 Standard**

Upon finding "good cause," the court must assess whether the more liberal Rule 15(a)(2) standard for amendment has been satisfied. Defendant focuses on good cause and the underlying factors of timeliness and delay but does not address the issues of futility or bad faith. For the reasons discussed above, the court finds that the motion should not be denied on the basis of undue delay or untimeliness under Rule 15(a)(2).

In general, permission to amend "is liberally granted where there is no prejudice."[15] As the non-moving party, defendant bears the burden of demonstrating that it would be prejudiced by the proposed amendment.[16] Notably, defendant does not raise the issue of prejudice. Further, a finding of prejudice typically occurs only when an amendment would "unfairly affect the defendant in terms of preparing [its] defense to the amendment."[17] Whether the amended claim raises significantly new factual issues and a different subject matter are factors to be considered.[18] Here, the plaintiff's original ADA claim and the requested amendment (FMLA) contain "significant overlap in the factual underpinnings and defenses" and therefore this court finds no prejudice.[19]

Plaintiff has satisfied her burden to show good cause, and defendant has not met its burden to show prejudice. In light of the above, and keeping in mind the court's

---

[15] *Minter*, 451 F.3d at 1208 (internal citation omitted).
[16] *Rural Water Dist. No. 4, Douglas Cnty. v. City of Eudora, Kansas*, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008).
[17] *Minter*, 451 F.3d at 1208 (internal citation omitted)
[18] *Id.*
[19] *Id.*

preference for making decisions on the merits, the court therefore grants plaintiff leave to amend her complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion (**Doc. 25**) is **GRANTED**. Plaintiff shall file her amended complaint on or before **January 27, 2014**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of January 2014.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate